UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HACA LEONARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DECOTIIS LAW FIRM., et al., <br><br> Defendants. | Civil Action No. <br><br> 24-cv-8491 (MEF) (JRA) <br><br><br> **REPORT AND RECOMMENDATION** |

**José R. Almonte, U.S.M.J.**

Defendants DeCotiis, Fitzpatrick, Cole & Giblin, LLP, ("DeCotiis Law Firm"), Bergen County Clerk's Office, Steve Chong, Carlos Soto, and John Lyons (collectively "Defendants") move to dismiss this suit brought by Haca Leonard and Aire Realty Group Trust,[1] for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 13, 15 (the "Motion"). Plaintiff, appearing *pro se*, opposes the Motion. ECF No. 14.[2] The Honorable Michael E. Farbiarz, United States District Judge, referred the Motion to me for a Report and Recommendation. I considered the parties' arguments and decide the Motion without oral argument. *See* Fed R. Civ. P. 78; L.Civ.R. 78.1. For the reasons set forth below, I respectfully

---

[1] For the purposes of this Motion, the Court will refer to Ms. Leonard alone as the "Plaintiff." This Circuit has held on several occasions that a non-lawyer trustee cannot represent a trust *pro se* in litigation. *See Marin v. Leslie*, 337 F. App'x 217, 219-20 (3d Cir. 2009); *Van De Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006). Regardless, the exclusion of Aire Realty Group Trust does not change this Court's analysis.

[2] While Plaintiff titles her response to this Motion as "Response to Counterclaim", *see* ECF No. 14, this Court will construe it as an opposition to the Motion to dismiss.

1

recommend that Defendants' Motion be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

According to the Complaint, Plaintiff alleges that on more than thirteen occasions, Deputy Clerk Steve Chong of the Bergen County Clerk's Office failed to record an interest in her property, located at 298 Pulis Ave., Franklin Lakes, NJ, without explanation. *See generally* Compl., ECF No. 1. In her opposition to this Motion, Plaintiff clarifies further.[3] She states that last summer she was evicted from her home due to the alleged "negligence of the DeCotiis Law Firm and the Bergen County Clerk's Office, which led to [Plaintiff and her family] becoming homeless." ECF No. 14 at 1. Plaintiff further explains that she used the property as her home for years and had invested more than $500,000 dollars in it. *Id.* Because the Bergen County Clerk's Office turned her away, her paperwork was denied, and she and her family were evicted. *Id.* Plaintiff alleges that the DeCotiis Law Firm facilitated her eviction when it contacted Benjamin Dang and Ganges Nguyendon, the recorded owners of the subject property at issue, to "spread defamatory accusations of fraud." *Id.*; *see also* ECF No. 14-1 at 2.

Plaintiff appears to claim that this Court has subject-matter jurisdiction on both diversity of citizenship and federal question. As to the federal question, the

---

[3] While the information Plaintiff includes in her opposition to this Motion, ECF No. 14, is not properly included as part of the Complaint, the Court will consider the additional information in conjunction with the allegations in her Complaint in light of her *pro se* status. *Rahman v. NJ Att'y Gen., New Jersey State Police*, No. 22-cv-04703, 2023 WL 6048808, at *2 n.3 (D.N.J. Apr. 10, 2023) (citing *Wallace v. Fegan*, 455 F. Appx. 137, 139 (3d Cir. 2011)).

Complaint alleges "recording act" and "property right," without citing any statute. Compl. at 2. Defendants move to dismiss Plaintiff's action, arguing that Plaintiffs do not meet the requirements of federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under § 1332 and, therefore, the case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* ECF No. 13-2 at 1. In the alternative, Defendants say that Plaintiff fails to state a claim upon which relief can be granted, as Rule 12(b)(6) requires. *See id.* Plaintiff's opposition to this Motion clarifies the claims she sets forth in the Complaint but does not address the jurisdictional questions Defendants raise. *See generally* ECF No. 14.

## II. LEGAL STANDARD

It is axiomatic that federal courts "are courts of limited jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (internal citations omitted). If a federal court lacks subject-matter jurisdiction—whether it be based on diversity of citizenship or federal question—the case must be dismissed. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). At the initial stages of litigation, before a defendant answers a complaint, Rule 12(b)(1) permits defendants to file a motion to dismiss for lack of subject-matter jurisdiction. Fed R. Civ. P. 12(b)(1).

When a party challenges subject-matter jurisdiction under Rule 12(b)(1), a court must first determine whether the attack is "facial" or "factual" in nature. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack contends that a claim itself "is insufficient to invoke the subject matter jurisdiction of the court," *id.*

3

at 358, even if the court "consider[s] the allegations of the complaint as true." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). When reviewing facial attacks, a court considers a plaintiff's allegations in the complaint and its related documents "in the light most favorable to the plaintiff," and "apply[ing] the same standard of review [a court] would use in considering a motion to dismiss under Rule 12(b)(6) . . . ." *Const. Party of Pa.*, 757 F.3d at 358 (internal quotation marks and citations omitted). On the other hand, a factual challenge "attacks allegations underlying the assertion of jurisdiction in the complaint," *Hartig Drug Co. Inc.*, 836 F.3d at 268, and "concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Const. Party of Pa.*, 757 F.3d at 358 (alterations in original) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

Courts generally hold the pleadings of *pro se* plaintiffs "to less stringent standards than formal pleadings drafted by lawyers." *Swint v. United States*, No. 24-2222, 2025 WL 88836, at *2 (3d Cir. Jan. 14, 2025) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But a *pro se* complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace*, 455 F. App'x at 139 (3d Cir. 2011) (internal quotation marks omitted).

### III. DISCUSSION

As an initial matter, Defendants' jurisdictional challenge, coming before an answer was filed, amounts to a facial attack on Plaintiff's Complaint. *See Bennett v.*

4

*City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003).  On its face, Plaintiff's Complaint fails to allege a sufficient basis to confer subject-matter jurisdiction.

### A. Federal Question Jurisdiction

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For a court to have jurisdiction under this statute, the law "demands not only a contested federal issue, but a substantial one."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005); *see also Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015).

Here, none of Plaintiff's claims provide a sufficient basis for jurisdiction under § 1331.  She mentions "the recording Act" and "Property Rights[.]"  Compl. at 2.  Plaintiff's opposition to this Motion further clarifies that she brings a claim under the New Jersey Real Property Notice of Settlement Act ("Notice of Settlement Act"), N.J. STAT ANN. § 46:26A-11.  ECF No. 14 at 1.  Plaintiff also claims the DeCotiis Law Firm defamed her by contacting the recorded titleholders of the property in question.  *See* Compl. at 4; ECF No. 14 at 1; ECF No. 14-1.  The Complaint further provides that that Plaintiff was "discriminate[d] against" and "not allowed to record [her] interest on record."  Compl. at 3.  But even construing these allegations in Plaintiff's favor, the Complaint does not assert a federal question that would establish subject-matter jurisdiction.

Even if I were to accept that Plaintiff properly pled a claim under the Real Property Notice of Settlement Act, that is a New Jersey statute and does not confer

subject-matter jurisdiction to allow the Court to adjudicate the claim. *See 1071 Windsor LLC v. Realmuto*, No. 19-cv-9111, 2019 WL 2453787, at *2 (D.N.J. June 12, 2019) ("[T]he federal question must appear on the face of a well-pleading complaint.") (quoting *Trent Realty Assocs. v. First Fed. Sav. and Loan Assoc. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981)). Plaintiff's defamation claims suffer from the same flaws. *See Mangan v. Corp. Synergies Grp.*, Inc., 834 F. Supp. 2d 199, 204 n.2 (D.N.J. 2011) ("[The substantive elements of [a defamation] claim are governed by state law."). As for the discrimination claims, the Complaint is devoid of any detail other than a conclusory statement that "I was discriminate[d] against." Compl. at 3. Conclusory statements, however, are insufficient to survive a motion to dismiss. *See Szemple v. Rutgers,* No. 10-cv-05445, 2016 WL 1228842, at *7 (D.N.J. Mar. 29, 2016). Because Plaintiff has not articulated a claim grounded in a federal question, this Court cannot exercise supplemental jurisdiction over the state law claims. *See Royal Canin*, 604 U.S. at 39 (holding that when a complaint is devoid of a federal question, federal courts do not have discretion to exercise supplemental jurisdiction over state claims).

### B. Diversity Jurisdiction

Section 1332(a) states that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). This diversity must be complete, *i.e.*, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

Plaintiff contends her claims fall under Section 1332. *See* Compl. at 2. But

6

this assertion is mistaken.  As Defendants note in their Motion, Plaintiff alleges to be a citizen of Franklin Lakes, New Jersey, the individual defendants and the DeCottis Law Firm are citizens of New Jersey, and the title of "the Bergen County Clerk's Office" speaks for itself.  ECF No. 13-2 at 6; *see* Compl. at 1-2 (listing Plaintiff's and Defendants' addresses, all of which are in New Jersey).  There is simply no diversity of citizenship here.  As such, this Court does not have the requisite jurisdiction to adjudicate Plaintiff's state law claims under diversity jurisdiction nor federal question jurisdiction.[4]

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED** and Plaintiff's claims be **DISMISSED**.  The parties have fourteen days to file and serve objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(a)(2), (c)(2).

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2025

---

[4] Because this Court lacks jurisdiction to adjudicate these claims, I need not analyze the sufficiency of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7